UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO. 13-00014-CR-COLLIER

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BRIAN G. SKINNER,

    Defendant.
_____/

### REQUEST FOR VARIANCE

COMES NOW the Defendant, BRIAN G. SKINNER (hereinafter "SKINNER"), by and through undersigned counsel, David J. Joffe, pursuant to the Local Rules for the Northern District of Florida and the Federal Rules of Criminal Procedure, and would hereby file this his Request for Variance, in which it is requested that this Court impose a sentence "sufficient, but not greater than necessary" in order to achieve individual accountability and just punishment. *See generally, United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010). In considering SKINNER's acceptance of responsibility, his willingness to cooperate, the extent of his cooperation, his nominal criminal history, his disabilities and his extreme remorse for his actions, a sentence beneath the advisory guideline range for the offense conduct in this case is warranted. The statutory factors set forth in 18 U.S.C. §3553(a) weigh strongly in favor of a sentence outside of and below the advisory sentencing guidelines

As a threshold matter, SKINNER affirms the terms and conditions of his plea agreement. SKINNER continues to fully and completely accept responsibility for his offense conduct. The

Court should consider a sentence appropriate to reflect SKINNER's willingness to cooperate.

For the reasons argued herein, SKINNER and counsel submit that a variance from the proposed guideline sentence should be ordered and that a sentence below the advisory guideline range is sufficient, but not greater than necessary, to achieve the sentencing objectives of 18 U.S.C. §3553(a).  As set out below, each of the applicable sentencing factors set forth in Section 3553(a) amply justify a variance and departure from the advisory guideline sentence. SKINNER's request for a variance is as follows:

<u>VARIANCE SENTENCE</u>

SKINNER's request for a variance comports with the sentencing procedures that have evolved since the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), and *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007).  *See, United States v. Livesay*, 525 F.3d 1081, 1089-90 (11th Cir. 2008) (summarizing current sentencing procedures in Eleventh Circuit); *United States v. Pugh*, 513 F.3d 1179, 1188-91 (11th Cir. 2008).

The sentencing Court first evaluates the appropriate guidelines, resolves any guidelines objections and determines the applicable advisory guideline range.  *Gall v. United States*, 552 U.S. 38, 128 S.Ct. at 596-97; *Livesay* at 1089-90.  After "consult[ing] and correctly determine[ing] the sentencing range prescribed by the Sentencing Guidelines … [t]he court must then impose a reasonable sentence in light of the factors enumerated in 18 U.S.C. §3553(a)". *United States v. McBride*, 511 F.3d 1293 (11th Cir. 2007).  Among the factors which the sentencing Court "shall consider" under Section 3553(a)(1) are "the nature and circumstances of the offense and the history and characteristics of the defendant" and under (a)(2) "the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal

conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner".

The sentencing Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in Section 3553(a) (2) (A)-(D). *See, e.g., United States v. McBride*, 511 F.3d 1293, 1296-97 (11th Cir. 2007). The Court "**may not presume that the [advisory] guidelines range is reasonable**". *Gall*, 128 S.Ct. at 596-97 (emphasis added); *see also, United States v. Campbell*, 491 F.3d 1306, 1313-1314 (11th Cir. 2007) ("We do not in this Circuit presume reasonable a sentence within the properly calculated guidelines range"). Thus, after making an "individualized assessment" of the Section 3553(a) factors based on the facts presented the sentencing Court has the power to grant a variance from the advisory guidelines range to whatever extent the Court deems warranted by the facts of each defendant. *Gall*, 128 S.Ct. at 595-97; *Livesay*, 525 F.3d at 1090; *McBride*, 511 F.3d at 1297-98.

Here, the strict application of the advisory sentencing guidelines produces a sentence greater than necessary for punishment under Section 3553(a). The individual history and characteristics of SKINNER, the fact that he is disabled and has been for most of his life, his nominal criminal history, his acceptance of responsibility, his willingness to cooperate with the government and his other personal characteristics are all issues the Court must consider when determining the proper sentence for SKINNER. Such factors support a sentence beneath the advisory guidelines range for the offense conduct in this case. The statutory factors set forth in Section 3553(a) weigh strongly in favor of a sentence outside of and below the advisory sentencing guidelines. Where circumstances warrant, the District Courts can impose sentences that vary downward significantly from the advisory guidelines range and the appellate Court will

affirm such sentences as reasonable. *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558 (2007). As set out below, each of the applicable sentencing factors set forth in Section 3553(a) amply justify a variance from the advisory guideline sentence.

While the United States Sentencing Guidelines prohibit or discourage departures on a number of grounds, the same is not true of "variances". A sentencing Court may in fact consider factors under the broader 18 U.S.C. §3553(a) even though the same factors might be prohibited or discouraged under the guidelines. Under the factors as set forth in Section 3553(a), undersigned counsel respectfully submits that a variance sentence is appropriate for SKINNER considering his acceptance of responsibility, his willingness to cooperate, his nominal criminal history, his minor role in the conspiracy and the fact that he is disabled and has been since he was a young child. Section 3553(a) directs the Court to impose a sentence sufficient, but not greater than necessary based upon the statutory objectives and relevant factors. A variance is further supported by 18 U.S.C. §3582, which provides:

> (a)      Factors To Be Considered in Imposing a Term of Imprisonment. – The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth is section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation….

The post-*Booker* reinstatement of judicial discretion requires the Court to consider the personal background of the offender as well as the offense itself.[1] This is particularly important in this case as SKINNER's personal dynamics are important in considering the proper sentence.

---

[1] "Prior to the Sentencing Guidelines, federal law left the individual sentencing judge free to determine which factors were relevant. That freedom meant that each judge, in an effort to tailor punishment to the individual offense and offender, was guided primarily by experience, relevance, and a sense of proportional fairness." *Apprendi v. New Jersey*, 530 U.S. 466, 558 (2000).

***(1)     The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.  Title 18, United States Code, Section 3553(a) (1).***

Now that the guidelines are advisory only, they are simply "one sentencing factor among many". *United States v. Reinhart*, 442 F.3d 857, 864 (5th Cir. 2006).  The Court should look past the four corners of the offense conduct portion of the Presentence Investigation Report to assure the proper sentence is given.  Accordingly, the Court has full discretion to sentence below the advisory guideline range as long as the resulting sentence is reasonable.  Therefore, based on SKINNER's arguments, the Court should grant his request.

The Sentencing Reform Act requires the Court to consider the "history and characteristics" of the defendant.  As such, this Court must take into consideration that SKINNER immediately accepted responsibility and admitted his guilt, saving the government substantial monies.  SKINNER's acceptance of his actions sheds a positive light on his "history and characteristics" because of his willingness to cooperate.  It also reflects positively on his character.  *See, United States v. Fernandez*, 443 F.3d 19 (2nd Cir. 2006).  A variance is warranted based on the acceptance of responsibility of a defendant and his or her cooperation.  *United States v. Livesay*, 525 F.3d 1081 (11th Cir. 2008); *United States v. Severino*, 454 F.3d 206 (3rd Cir. 2006).  The Court may grant favorable consideration to a defendant's good faith efforts to cooperate as it reflects upon his or her present character.  *See, United States v. Ochoa-Ramos*, 2008 WL 2062341 (E.D. Wis. 2008).  Therefore, counsel contends that the nature and extent of SKINNER's cooperation was of such a quality and of such significance to the investigation of this matter that a downward variance is warranted from the applicable sentence.

Furthermore, in application, the Eleventh Circuit has affirmed numerous below guideline sentences since *Booker*.  *See, e.g., United States v. Montgomery*, Case No. 05-13935 (11th Cir.,

February 7, 2006) (unpublished) (8 month sentence for bank fraud); *United States v. Gray*, 453 F.3d 1323 (11th Cir. 2006) (affirming 72 month sentence even though low end of guidelines was 151 months); *United States v. Halsema*, 2006 WL 1229005 (11th Cir., May 9, 2006) (unpublished) (affirming 24 month sentence even though guidelines were 57 to 71 months and even though grounds for variance would not have supported departure); *United States v. Williams*, 435 F.3d 1350 (11th Cir. 2006) (90 months imprisonment was sufficient, but not greater than necessary to punish, deter and rehabilitate defendant even though low end of guidelines was 188 months). Accordingly, the Court has full discretion to sentence below the advisory guideline range as long as the resulting sentence is reasonable.

In addition, because SKINNER took full responsibility for his actions and has only one criminal history point and a criminal history category of I, he is a candidate for a variance in his sentence. Also, when SKINNER was three (3) years old, he was diagnosed with Malignant Schwannoma and had a tumor in his pelvis which was spreading. As a result, he underwent surgery to have his left leg and part of his left pelvis amputated. (PSI: 64) Then, in 1996, SKINNER fractured his right hip in a work-related injury and requires a hip replacement due to the pain he is constantly in. (PSI: 65) Accordingly, SKINNER's physical disabilities must be considered when considering his history and characteristics when calculating his sentence.

Now that the guidelines are advisory only, they are simply "one sentencing factor among many". *United States v. Reinhart*, 442 F.3d 857, 864 (5th Cir. 2006). The Court should look past the four corners of the offense conduct portion of the Presentence Investigation Report to assure the proper sentence is given. Accordingly, the Court has full discretion to sentence below the advisory guideline range as long as the resulting sentence is reasonable. Therefore, based on SKINNER's arguments, the Court should grant his request.

*(2)     The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct, to Protect the Public from Further Crimes of the Defendant and to Provide the Defendant with Needed Training or Services.  Title 18, United States Code, Section 3553(a) (2) (A)-(D).*

Imprisonment may be warranted in this case; however, such punishment should be administered for the right reason.  A prison sentence below the guidelines, together with the granting of a variance, would reflect the seriousness of this offense and would promote respect for the law and provide just punishment, especially considering that SKINNER has cooperated, he has a minimal prior criminal history and he is disabled.  (PSI: 47; 64; 65)  SKINNER's minimum mandatory sentence is ten years and his guideline sentence is 168 to 210 months due to Probation enhancing his base offense level by two levels for having a dangerous weapon, which SKINNER was never charged with having and failing to give him a reduction for his minor role in the conspiracy.  Based on the above, SKINNER's guideline sentence should only be 135 to 168 months.  However, considering SKINNER's cooperation, his nominal criminal history, his minimal role in the conspiracy and his physical disabilities, a variance is required for SKINNER and he should only be sentenced to his statutory minimum mandatory of ten (10) years.

There are two types of deterrence, specific and general.  Unquestionably, any sentence of imprisonment will deter SKINNER from repeating his crime; but as to general deterrence, no matter what sentence is given to SKINNER, the sentence will not deter others from this action so long as there are people who wish to purchase illegal drugs.  Accordingly, a sentence at the low end of the guidelines with a variance is sufficient to provide just punishment for SKINNER, protect the public from further crimes of the defendant and promote respect for the law.

Although the war on crime is necessary and a requirement of the judicial system, SKINNER should not be made an "example" by the Court and, as such, the sentence must be appropriate considering the factors enumerated in Section 3553(a)-(f).

*(3)    The Kinds of Sentences Available.  Title 18, United States Code, Section 3553(a) (3).*

Section 3553(a) expressly dictates that the Court shall impose a sentence sufficient, *but not greater than necessary.  United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010).  Here, the Court is in a position to fashion a sentence that would punish SKINNER, protect the public and deter others by restricting his freedom.  Under *Gall, supra*, the sentencing guidelines and policy statements are but one factor among all of the other Section 3553(a) factors.  Moreover, in order to impose a sentence that is procedurally reasonable this Court must treat the guidelines as advisory and not mandatory and consider the guidelines among all of the statutory factors set forth in Section 3553(a).  As noted herein, in fashioning a sentence that is substantially reasonable, this Court has considerable discretion as to the weight it decides to give each of the Section 3553(a) factors and the guideline sentence itself.  Accordingly, sentencing SKINNER to the low end of the guidelines with a variance is the kind of sentence available to this Court both under 18 U.S.C. §3561(c) (1) and United States Sentencing Guidelines, Section 5B1.1 (a) (1).

Again, because of SKINNER's acceptance of responsibility, willingness to cooperate, nominal criminal history, minor role in the conspiracy and him being disabled, sentencing him to his minimum mandatory of ten years is a sentence that is in fact available.  Accordingly, sentencing SKINNER to the low end of the guidelines with a downward variance to his statutory minimum mandatory of ten (10) years is a kind of sentence available to this Court under 18 U.S.C. §3561(c)(1).

*(4)   The Kinds of Sentence and Sentencing Range Established by the Sentencing Guidelines and Pertinent Policy Statements. Title 18, United States Code, Section 3553(a) (4).*

A sentence based upon the guidelines with a variance is supported by SKINNER's arguments and his personal history. SKINNER's request for a downward variance would make his sentence more in keeping with the policy statements of Section 3553(a). Said request is again supported by the fact that SKINNER cooperated; the fact that the government is recommending a three level reduction for his acceptance of responsibility; his minimal involvement in the conspiracy; and the fact that SKINNER has a nominal criminal history. Accordingly, SKINNER's sentence should be his statutory minimum mandatory of ten (10) years.

*(5)   The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct. Title 18, United States Code, Section 3553(a) (5).*

Although the primary purpose of the Sentencing Reform Act was to "reduce unwarranted sentencing disparities", the guideline regime has led to variants of disparity never contemplated by its drafters. Sentencing is driven in part by the applicable guidelines, the statutory sentencing factors and individual judicial discretion. SKINNER is a defendant whose offense behavior requires the Court to consider a multitude of mitigating factors including his status, personal background, involvement in the conspiracy and other mitigating circumstances argued herein that in fact support a downward variance.

*(6)   The Need to Provide Restitution to Any Victims of the Offense. Title 18, United States Code, Section 3553(a) (6).*

This is not an issue.

## CONCLUSION

SKINNER does not minimize the seriousness of the offense he committed. SKINNER

accepted responsibility and that reflects favorably upon his personal history and background. As such, the "totality of circumstances" requires the proper exercise of *Booker* discretion in favor of granting SKINNER's request for a variance. This Court must take into consideration SKINNER's acceptance of responsibility, his willingness to cooperate, his nominal criminal history, his minor role in the conspiracy and his disability. This Court must make an individualized assessment of SKINNER, taking into account all of the above. This Court must find that said individualized assessment of SKINNER warrants a variance to his guideline sentence.

Mercy and compassion are a part of justice. "A country which is secure in its institutions, confident in its laws should not be ashamed of the concept of mercy." Justice Kennedy, ABA Speech 2003. Punishment should not be more severe than that necessary to satisfy the goals of punishment. *United States v. Carvajal*, 2005 WL 476125 (S.D. N.Y. 2005). A judge must sentence "without ever being indifferent to defendant's plea for compassion, for compassion also is a component of justice". *United States v. Kloda*, 133 F.Supp.2d 345 (S.D. N.Y. 2001).

Accordingly, this Honorable Court is respectfully urged to consider the facts and circumstances of this case against the backdrop of 18 U.S.C. §3553(a) and fashion a sentence that is not "greater than necessary".

                                                                                Respectfully submitted,

                                                                                JOFFE LAW, P.A.
                                                                                Attorney for Defendant
                                                                                One East Broward Blvd., Suite 700
                                                                                Fort Lauderdale, Florida 33301
                                                                                Telephone:   (954) 723-0007
                                                                                Facsimile:    (954) 723-0033

                                                                                By */s/ David J. Joffe*_____
                                                                                    DAVID J. JOFFE, ESQUIRE
                                                                                   FLORIDA BAR NO. 0814164

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 1, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By_/s/ David J. Joffe_____
DAVID J. JOFFE, ESQUIRE